IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| ARLENE R. ATHERTON, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | Civil Action No. 7:17-cv-00203 |
| LISA GRANT PARKER, *et al.*, | ) | By: Elizabeth K. Dillon |
| | ) | United States District Judge |
| Defendants. | ) | |

**ORDER AND FINAL JUDGMENT**

This action was originally filed by the pro se plaintiff, Arlene R. Atherton, in the United States District Court for the Southern District of New York, and that court transferred it here. On May 17, 2017, this court denied without prejudice Atherton's original motion to proceed *in forma pauperis*, noting that it was incomplete. (Dkt. No. 5.) The same order directed her to provide the supplemental information, complete and submit this court's form, or pay the full filing fee within fourteen days. After she failed to take any of those steps but filed a separate motion that included vague statements concerning a forthcoming response to the court's May 17 order, the court gave her an additional fourteen days "to submit a completed IFP application, to supplement her prior application, or to pay the standard filing fee, as directed in the court's May 17, 2017 order." In that second order, dated June 20, 2017, the court further warned Atherton that failure to take one of those courses of action may result in her case being "dismissed for failure to prosecute." (Order at 2, Dkt. No. 7.) The fourteen day period expired on July 5, 2017, and Atherton has not filed anything with the court, either before or since the deadline. In short,

Atherton has failed to comply with two orders of this court and has been warned that her failure to comply may result in the dismissal of her case.

Because dismissal is a "harsh" result, the Fourth Circuit has directed that district courts look to four factors in determining whether to involuntarily dismiss an action for failure to prosecute: "(1) the plaintiff's degree of personal responsibility; (2) the amount of prejudice caused the defendant; (3) the presence of a drawn out history of deliberately proceeding in a dilatory fashion; and (4) the effectiveness of sanctions less drastic that dismissal." *Hillig v. C.I.R.*, 916 F.2d 171, 174 (4th Cir. 1990) (citations omitted); *McCargo v. Hedrick*, 545 F.2d 393, 396 (4th Cir. 1976). In looking at these various factors, the first and fourth clearly support dismissal here. As a *pro se* plaintiff, plaintiff bears full responsibility for her failures: this is not a case where it is the lawyer's conduct that is resulting in the delays. As to the fourth, the court has given her two fairly simple and straightforward orders with which she has failed to comply, so the court is at a loss as to what less drastic sanction would be effective in encouraging her to prosecute her case.

The second and third factors do not favor dismissal as much. In particular, defendants have not yet been served, and so they have not been prejudiced in any significant way by the delay, although "lack of prejudice" is "not a bar to dismissal." *McCargo,* 545 F.2d at 396. Nor does the court consider plaintiff's history of non-compliance to be "drawn out" to a great degree. Nonetheless, on balance, the court believes that dismissal is the appropriate result here. In recognition of the lack of prejudice to defendants, however, the court will dismiss the case without prejudice.

For the foregoing reasons, this case is hereby DISMISSED WITHOUT PREJUDICE based on plaintiff's failure to prosecute. Fed. R. Civ. P. 41(b); *Eriline Co. S.A. v. Johnson*, 440 F.3d 648, 654 (4th Cir. 2006) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962)) (explaining that a district court possesses the "'inherent power' to dismiss a case *sua sponte* for failure to prosecute").

This order constitutes a FINAL JUDGMENT of this court; thus, the clerk shall strike this case from the court's active docket. The clerk is also directed to send a copy of this order to Atherton.

Entered: July 13, 2017.

*/s/ Elizabeth K. Dillon*
Elizabeth K. Dillon
United States District Judge